Abdellah MELIANI and Mohamed Falih, Appellants,

v.

UNITED STATES of America, Appellee.

No. 19689.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

John Patrick Keegan, New Orleans, La., for appellants.

Peter E. Duffy, Asst. U. S. Atty., Walter F. Gemeinhardt, Asst. U. S. Atty., New Orleans, La., for appellee.

Before RIVES, CAMERON, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellants, having been indicted and convicted after a non-jury trial on a

three count indictment of violating the Narcotic Control Act of 1956, 21 U.S. C.A. § 176a, contend that the evidence was insufficient to support the conviction, and that counts two and three of the indictment should have been dismissed for failure to charge crimes under the statute in that neither count contained an allegation of intent.

■■ The evidence was sufficient to show the importation of marihuana as charged in count one, the sale and abetting as charged in count two, and concealment and facilitating the concealment as charged in count three. It is urged that appellants, French Moroccan seamen, were illiterate, unable to speak English, and ignorant of the laws of this country relating to marihuana, to the extent that intent to violate the statute was negated. Their clandestine and secretive conduct belied this however, and the trial court was authorized to hold to the contrary.

■■ Count one of the indictment alleged importation with intent to defraud the United States. Counts two and three did not allege intent but did allege sale and concealment, respectively, knowing the marihuana to have been imported into the United States contrary to law.[1] An allegation of intent to defraud the United States by selling or concealing was not necessary to charge the statutory crimes alleged in counts two and three since the statute does not make such intent an essential element of the offense.[2] United States v. Behrman, 1922, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; and United States v. Balint, 1922, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604. Intent to defraud the United States was a necessary element in connection with count one charging importation, but the sale of the marihuana or the concealment of it, once it was imported, was also in violation of the statute if appellants knew that the marihuana had been imported

1. "COUNT 1.
"That on or about November 26, 1961, in the New Orleans Division of the Eastern District of Louisiana, ABDELLAH MELIANI and MOHAMED FALIH did then and there unlawfully, wilfully, knowingly and feloniously, with intent to defraud the United States, import and bring into the United States aboard the Moroccan vessel SS Atlas, contrary to law, marihuana in bulk form having a total weight of 3 ounces and 75 grains, which marihuana was not included or described on the manifest of the said Moroccan vessel SS Atlas, or otherwise invoiced as required by Section 1431, Title 19, United States Code, all in violation of Section 176a, Title 21, United States Code.

"COUNT 2.
"That on or about November 26, 1961, in the New Orleans Division of the Eastern District of Louisiana, MOHAMED FALIH, aided and abetted by ABDELLAH MELIANI, unlawfully, knowingly and feloniously sold, bartered and exchanged to Customs Enforcement Officer Joseph E. Burns, Jr. a narcotic drug, to wit: 247 grains of marihuana in bulk form, knowing the same to have been imported into the United States contrary to law; all in violation of Section 176a, Title 21, United States Code.

"COUNT 3.
"That on or about November 27, 1961, in the New Orleans Division of the Eastern District of Louisiana, ABDELLAH MELIANI and MOHAMED FALIH knowingly, fraudulently and feloniously received, concealed and facilitated in the concealment of a narcotic drug, to wit, one ounce, 195 grains of marihuana in bulk form, knowing the same to have been imported into the United States contrary to law; all in violation of Section 176a, Title 21, United States Code."

2. 21 U.S.C.A. § 176a
"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,- 000. * * *"

contrary to the statute. This is the language of counts two and three which plainly described each element of the offense charged. Cf. Glenn v. United States, 5 Cir., 1962, 303 F.2d 536. It follows that the motion to dismiss these counts should have been, as was the case, denied.

No error appearing, and the evidence amply supporting the convictions, the judgments appealed from are

Affirmed.